## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (this "Agreement") is dated May __, 2018 and is entered into by and between Cynthia Carrsow Franklin (the "Debtor"), Federal Home Loan Mortgage Corporation ("Freddie Mac") and Wells Fargo Bank, N.A. ("Wells Fargo," together with the Debtor and Freddie Mac, the "Parties," each a "Party").

## RECITALS

**WHEREAS**, on June 1, 2010, the Debtor commenced a case under chapter 13 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), which was assigned case number 10-20010 (the "Chapter 13 Case");

**WHEREAS,** on July 15, 2010, Wells Fargo filed proof of claim number 1-1 which was amended on September 23, 2010 (the "Proof of Claim") with supporting exhibits;

WHEREAS, on October 4, 2010 Debtor filed an objection to the Proof of Claim (the "Objection");

**WHEREAS**, by order dated May 21, 2012, partial Summary Judgment was granted on the Objection holding that the Proof of Claim was not filed by Wells Fargo as servicer for Freddie Mac;

**WHEREAS**, by order entered on January 29, 2015, the Proof of Claim was disallowed;

**WHEREAS**, by decision dated September 30, 2016, the District Court issued an order that overturned the decision on Summary Judgment, but partially upheld the order dated January 29, 2015;

**WHEREAS**, on March 15, 2017, after obtaining permission from the Court, Wells Fargo filed proof of claim number 8-1 (the "Amended Proof of Claim");

**WHEREAS**, on October 6, 2016, the Debtor commenced an adversary proceeding against Wells Fargo and Freddie Mac in the Bankruptcy Court, by filing a complaint (the "Original Complaint") seeking the avoidance of the lien held by Wells Fargo on the property located at 2523 Crenshaw Drive, Round Rock, Texas (the "Property"), which was assigned adversary proceeding number 16-08246 (the "Adversary Proceeding");

**WHEREAS**, Wells Fargo and Freddie Mac filed an answer to the Original Complaint on December 6, 2017;

**WHEREAS**, Debtor filed an amended complaint on December 27, 2016 seeking, in addition to the avoidance of the lien held by Wells Fargo on the Property, damages relating to various tort causes of action and sanctions;

**WHEREAS**, Wells Fargo and Freddie Mac filed a motion to dismiss the amended complaint which was granted in part and denied in part by order dated July 5, 2017;

1

**WHEREAS**, after obtaining permission from the Court, Debtor filed a second amended complaint on September 22, 2017 (the "Complaint");

WHEREAS, on October 10, 2017 Wells Fargo and Freddie Mac filed an answer to the Complaint (the "Answer");

**WHEREAS**, on January 15, 2018 Debtor Filed a "Motion for Objection to Claim(s) Number 8" and "Motion for Sanctions," in the Chapter 13 Case (the "Motions");

**WHEREAS,** the Parties desire to resolve all disputes, issues and claims between them without expending further time, expense or delay on the Parties or the Bankruptcy Court, including, without limitation, the resolution the Objection, Adversary Proceeding and Motions;

**WHEREAS**, Debtor has no other loans, accounts or other relationship with Wells Fargo or Freddie Mac;

**NOW, THEREFORE,** in consideration of the mutual promises and representations set forth in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1. **EFFECTIVE DATE:** If, no objection is made to the motion for an Approval Order, the date on which the Approval Order (defined below in paragraph 6), is entered by the Bankruptcy Court shall be deemed the "Effective Date," if objection is made then the date on which the Approval Order becomes final shall be deemed to be the "Effective Date".

2. **PAYMENT:** Wells Fargo shall pay to Tirelli & Wallshein, LLP, IOLA account, in trust for Cynthia Carssow Franklin, the sum of one hundred and seventy-five thousand dollars ($175,000.00) representing payment towards the legal fees of the Debtor within twenty-one (21) days after receipt of complete, executed, IRS Forms W-9 from Debtor, Tirelli Law Group, LLC and Kellett & Bartholow PLLC.  Such payment shall be made by check drawn to the order of Tirelli & Wallshein, LLP Trust and delivered to Linda Tirelli at the address set forth in paragraph 17 below, to be held in trust pending the Approval Order.

3. **THE LOAN:** Wells Fargo, on behalf of itself and Freddie Mac, within 60 days of the Effective Date, shall file in the property records for the county in which the Property is located a release of the lien securing repayment of the note at issue and provide that the obligation to pay the note associated therein is released.  The Parties expressly acknowledge and agree that, by virtue of this agreement, Debtor's obligation to repay any amount allegedly owed on the Note is forever released and discharged.  Wells Fargo and Freddie Mac further agree not to sell, convey, transfer, or assign the Note to any third party for collection or any other purpose.  The Parties further agree that enforceability and amount of the debt owed with respect to the Note is in dispute, and that the release of such indebtedness in this agreement is not an admission by either party regarding the enforceability or amount of the debt owed with respect to the Note.

4. **THE PROOF OF CLAIM:** Within three (3) business days of the Effective Date, the Parties shall jointly file or otherwise submit the Bankruptcy Court the Stipulation and Order Disallowing the Proof of Claim filed in the Chapter 13 Case (a copy of which is attached to this Agreement as Exhibit A).

5. **DISMISSAL OF ACTION:** Within three (3) business days of the Effective Date, counsel for the Parties shall jointly file or otherwise submit to the Bankruptcy Court the Stipulation and Order Dismissing Adversary Proceeding (in the form annexed to this Agreement as Exhibit B), executed by each of the Parties, dismissing the Adversary Proceeding and all claims asserted in the Complaint and the Answer, with prejudice. The Parties shall cooperate to take all steps necessary to ensure the case is marked disposed by the Bankruptcy Court.

6. **COURT APPROVAL:** Within five (5) days of receipt of this fully executed Agreement, Wells Fargo will file a motion for approval of this Agreement (the "Approval Motion"), to the extent necessary, under seal. Debtor agrees to join the Approval Motion, except as to the request therein to file the Approval Motion under seal, the Debtor will not object to or otherwise oppose or join any opposition to such request. For purposes of this Agreement, the final order granting the Approval Motion shall be referred to as the Approval Order.

7. **PAYMENT OF MEDIATION COSTS**: Wells Fargo shall pay Debtor's share of all mediation costs in excess of her mediation deposit.

8. **RELEASE OF WELLS FARGO AND FREDDIE MAC**: (a)Upon the Effective Date, the Debtor, on her own behalf and on behalf of her present, former, and future accountants, administrators, affiliates, agents, attorneys, assigns, beneficiaries, employees, executors, heirs, insurers, members, officers, parents, partners, predecessors, representatives, shareholders, subsidiaries, successors, sureties and underwriters, and all persons claiming by or through them, shall release and forever discharge Wells Fargo and Freddie Mac, and any and all of its present, former, and future accountants, administrators, affiliates, agents, attorneys, directors, distributors, employees, insurers, licensees, members, officers, parents, predecessors, principals, representatives, shareholders, subsidiaries, successors and assigns, sureties, and underwriters from any and all accounts, actions, agreements, and demands of any nature, bills, bonds, causes of action, claims, controversies, costs and expenses, damages, debts, demands, execution, extents, fees (including but not limited to attorneys' fees), injuries, judgments, liabilities, liens, losses, obligations, promises, reckonings, specialties, suits, sums of money, trespasses, variances, whatsoever, in law or in equity, for compensatory or punitive damages or any other reliefs, monetary or otherwise, whether known or unknown, suspected or unsuspected, pleaded or unpleaded, direct or indirect, asserted or unasserted, hidden or concealed, matured or unmatured, material or immaterial, contingent or absolute, that the Debtor ever had, as to any matter whatsoever from the beginning of the world until the Effective Date.

**(b)** <u>If and to the extent the Debtor, or anyone acting on her behalf or with her authorization, shall ever assert any claim, initiate any proceeding, or file any case or action in any court or tribunal that asserts or attempts to assert any released claim against Wells Fargo or Freddie Mac, each of them</u> shall be entitled to recover from the Debtor reasonable attorneys' fees and expenses incurred in any proceeding in which this Agreement is asserted and found to be a bar to any claim, and shall recover interest at the rate of one-percent (1%) per month (calculated daily) on any amounts paid by them for fees and expenses, from the date incurred to the date the Debtor shall make payment therefor.

9. **RELEASE OF DEBTOR**: Upon the Effective Date, Wells Fargo and Freddie Mac, each on its own behalf and on behalf of its present, former, and future accountants, administrators, affiliates, agents, attorneys, assigns, beneficiaries, employees, executors, heirs, insurers, members, officers, parents, partners, predecessors, representatives, shareholders, subsidiaries, successors, sureties and underwriters, and all persons claiming by or through them, shall release and forever discharge Debtor, and any and all of her present, former, and future accountants, administrators, affiliates, agents, attorneys, directors, distributors, employees, insurers, licensees, members, officers, parents, predecessors, principals, representatives, shareholders, subsidiaries, successors and assigns, sureties, and underwriters from any and all accounts, actions, agreements, and demands of any nature, bills, bonds, causes of action, claims, controversies, costs and expenses, damages, debts, demands, execution, extents, fees (including but not limited to attorneys' fees), injuries, judgments, liabilities, liens, losses, obligations, promises, reckonings, specialties, suits, sums of money, trespasses, variances, whatsoever, in law or in equity, for compensatory or punitive damages or any other reliefs, monetary or otherwise, whether known or unknown, suspected or unsuspected, pleaded or unpleaded, direct or indirect, asserted or unasserted, hidden or concealed, matured or unmatured, material or immaterial, contingent or absolute, that Wells Fargo and Freddie Mac ever had from the beginning of the world until the Effective Date. Debtor shall be entitled to assert this Agreement as a bar to any such action and shall be entitled to recover from Wells Fargo and Freddie Mac reasonable attorneys' fees and expenses incurred in any proceeding in which this Agreement is asserted and found to be a bar to any claim.

10. **CONFIDENTIALITY OF SETTLEMENT TERMS:** The Debtor shall not disclose or cause to be disclosed any of the facts, circumstances, terms, or conditions of this Agreement or the negotiations leading up to it whatsoever, except to the Bankruptcy Court at such court's direction, her attorneys, accountants, or tax preparers, or as otherwise may be required by law or court order. In the event of any such disclosure, alleged to be required or permitted under this Section, the Debtor shall provide written to Wells Fargo and Freddie Mac within three business days of being ordered to make such disclosure.

11. **NO ADMISSION OF LIABILITY:** This Agreement, and the settlement effectuated by it, is being entered into by the Parties, solely to avoid the expense and burden of further litigation of claims asserted or that could have been asserted among them. No provision contained herein, and no act or occurrence contemplated hereby constitutes, is intended to constitute, or shall at any time be asserted by any Party to constitute any admission by

any other Party, person or entity of the validity of any claim asserted or that could have been asserted in the Chapter 13 Case, the Adversary proceeding or otherwise, that any allegation or claim alleged by them are valid, that any party has violated any law or engaged in any wrongdoing or the existence of non-existence of any fact.

12. **ENTIRE AGREEMENT:** The agreement supersedes any and all agreements, contracts, and understandings and constitutes the entire agreement between the parties with respect to the subject matter hereof.

13. **AMENDMENT:** This Agreement may not be modified, altered or changed except upon express written consent of an authorized representative of each of the respective Parties, wherein specific reference is made to this Agreement. Any such amendment shall be invalid, void and of no effect unless in a writing, signed by authorized representatives of each Party.

14. **AUTHORITY.** Each Party hereto represents that the person executing this Agreement on its behalf is fully authorized to do so. Each Party represents to the others that she or it has full power and authority to execute, deliver, enter into and perform this Agreement, and that no claim released hereby has been assigned or transferred to any other person, and that no other person or entity holds any interest, right or title with respect to any such released claim. The Parties have each been fully advised by counsel of its or her choosing in the decision to enter into this Agreement. When fully executed and delivered, this Agreement will be valid and binding obligation of each Party.

15. **WAIVER**: The failure of a Party to object to, or the waiver by any Party of, one or more breaches or violations of this Agreement shall not constitute a waiver or limitation upon the right of such Party to object to, or operate or be construed as a waiver or estoppel of, any other breach or violation of this Agreement. No waiver by any Party of any breach of any right under this Agreement shall be valid unless in writing and signed by an authorized representative of such Party.

16. **CONSTRUCTION.** This Agreement has been drafted jointly by the Parties. This Agreement is to be construed fairly and not in favor of or against any Party, regardless of which Party or Parties drafted or participated in the drafting of its terms. Any rule of construction that a document is to be construed against the drafting Party shall not be applicable to this Agreement. In the event an ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if drafted jointly by the Parties and no presumption or burden of proof shall arise favoring or disfavoring any Party by virtue of authorship of any of the provisions of this Agreement.

17. **NOTICES:** Any and all notices under this Agreement shall be in writing and delivered to the addresses specified as follows below by either (a) overnight express mail service (and shall be deemed delivered the next business day after receipt by the overnight mail service) or (b) hand-delivery. Notice shall be effective upon delivery. Any Party may change the person or address for delivery of notice to it under this section in a notice that is delivered in conformity herewith.

    **(a)**    Notices to the Debtor shall be delivered as follows:

Linda Tirelli
Tirelli & Wallshein, LLP
50 Main Street, Suite 405
White Plains, NY 10606
Phone: (914)732-3222
Fax: (914)517-2696

    **(b)**    Notices to Wells Fargo and Freddie Mac shall be delivered as follows:

David Dunn
Nicole E. Schiavo
HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York 10022
Telephone: (212) 918-3000

18. **COUNTERPARTS AND EXECUTION:** This Agreement may be signed in counterparts, and facsimile or PDF copies of the signature pages of this Agreement shall bind the Parties to this Agreement just as if the parties had provided original signatures.

IN WITNESS WHEREOF, this Agreement has been entered into as of the date first written above.

CYNTHIA CARSSOW FRANKLIN        WELLS FARGO BANK, N.A.

__/s/Cynthia Carssow Franklin___        By:___/s/Denise Brennan____

Federal Home Loan Mortgage Corporation
By Its Servicer Wells Fargo Bank, NA
/s/ Denise Brennan_____

6

**EXHIBIT A**

**STIPULATION AND ORDER DISALLOWING PROOF OF CLAIM**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re:                                                                              :
                                                                                         :     Chapter 13
Cynthia Carssow Franklin,                                             :
                                                                                         :     Case No. 10-20010
                      Debtor.                                                   :
-----------------------------------------------------------------x

**STIPULATION AND ORDER DISALLOWING PROOF OF CLAIM**

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, the attorneys of record for Movant Cynthia Carssow Franklin and Respondents Wells Fargo Bank, N.A. and Federal Home Loan Mortgage Corporation, that the above captioned Motion Objecting to Claim filed on January 15, 2018 (Dkt. No. 145) is granted.

**IT IS FURTHER HEREBY STIPULATED AND AGREED**, that Proof of Claim 8-1 is disallowed.

**IT IS FURTHER STIPULATED AND AGREED** that this stipulation may be filed with the Court without further notice, and may be executed by facsimile.

Dated: May 22, 2018

| | |
|---|---|
| TIRELLI & WALLSHEIN, LLP | HOGAN LOVELLS US LLP |
| By: ____/s/ Linda M Tirelli_____ | By: _/s/ Nicole E. Schiavo__ |
|        Linda M. Tirelli |        Nicole E. Schiavo |
| 50 Main Street, Suite 405 | 875 Third Avenue |
| White Plains, NY 10606 | New York, New York 10022 |
| Tel: (914)732-3222 | Tel:  (212) 918-3000 |

SO ORDERED:

_____
HON. ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

DATED: July___, 2018
              White Plains, NY

8

# EXHIBIT B

# STIPULATION AND ORDER DISMISSING ADVERSARY PROCEEDING

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re:                                                              :
                                                                    :    Chapter 13
                                                                    :
Cynthia Carssow Franklin,                                           :
                                                                    :    Case No. 10-20010
                    Debtor.                                         :
-----------------------------------------------------------------x
                                                                    :
Cynthia Carssow Franklin,                                           :
                                                                    :
                    Plaintiff,                                      :    Adv. Proc. No. 16-8246
         -against-                                                  :
                                                                    :
Wells Fargo Bank, N.A., Federal Home Loan                           :
Mortgage Corporation,                                               :
                                                                    :
                    Defendants.                                     :
-----------------------------------------------------------------x

## STIPULATION OF DISMISSAL

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, the attorneys of record for Plaintiff Cynthia Carssow Franklin and Defendants Wells Fargo Bank, N.A. and Federal Home Loan Mortgage Corporation (together, "Defendants"), that the above captioned adversary proceeding and all claims that were or could have been made therein as against Defendants are hereby dismissed with prejudice pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding pursuant to Rule 7041 of the Federal Rules of Bankruptcy Procedure, in all forums, without costs to any party as against any other party, and with each party bearing its own costs, including but not limited to legal expenses.

**IT IS FURTHER STIPULATED AND AGREED** that this stipulation may be filed with the Court without further notice, and may be executed by facsimile.

Dated: May _22_, 2018

| | |
|---|---|
| TIRELLI & WALLSHEIN, LLP | HOGAN LOVELLS US LLP |
| By: __/s/Linda M Tirelli_____ | By:__/s/ Nicole E. Schiavo_____ |
| Linda M. Tirelli | Nicole E. Schiavo |
| 50 Main Street, Suite 405 | 875 Third Avenue |
| White Plains, NY 10606 | New York, New York 10022 |
| Tel: (914)732-3222 | Tel:  (212) 918-3000 |

SO ORDERED:

_____
HON. ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

DATED: July__, 2018
 White Plains, NY